UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALESSANDRO MASI,<br>                          Plaintiff,<br><br>  - against -<br><br>PARTICIPANT MEDIA NO HOLDINGS, LLC,<br>                          Defendant. | Docket No. 17-cv-04195<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Alssandro Masi ("Masi" or "Plaintiff"), by and through his undersigned counsel, as and for his Complaint against Defendant Participant Media No Holdings, LLC ("Participant" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of two (2) copyrighted photographs of Halden Luxury Prison in Norway, owned and registered by Masi, a London-based photojournalist. Accordingly, Masi seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or is doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Masi is an award-winning professional documentary photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 6 Balmoral Road, London, NW25DY, United Kingdom. Masi is deeply committed to spreading awareness and supporting action towards children's rights and education. Masi won the Premio Anima 2015 Soul Prize for Photography in Italy. His images are exhibited as part of the UNICEF Germany collaboration with the Arp Museum Bahnhof Rolandseck in Germany.

6. Upon information and belief, Participant is a limited liability company duly organized and existing under the laws of the State of Delaware, with a place of business at 331 Foothill Road, 3rd Floor, Beverly Hills, California 90210. At all times material hereto, Participant has owned and operated a website at the URL: www.takepart.com (the "Website").

## STATEMENT OF FACTS

**A.    Background and Plaintiff's Ownership of the Photographs**

7. On October 1, 2010, Masi photographed the Halden Luxury Prison in Norway (the "Photographs"). True and correct copies of the Photographs are attached hereto as Exhibit A.

8. Masi is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

9. The Photographs were registered with the U.S. Copyright Office and were given Copyright Registration Number VA 1-996-957.

**B.      Defendant's Infringing Activities**

10.     Upon information and belief, on or about August 13, 2012, Participant ran an article on the Website entitled *10 of the World's Most Luxurious Prisons, and One Wild Card Thriller*. See www.takepart.com/photos/worlds-most-luxurious-prisons/halden-prison-norway. The article prominently featured the Photographs. A true and correct copy of a screenshot of the article is attached hereto as Exhibit B.

11.     Participant did not license the Photographs from Plaintiff for its article, nor did Participant have Plaintiff's permission or consent to publish the Photographs on its Website.

12.     Plaintiff first discovered Defendant's infringement on September 29, 2016.

<u>**CLAIM FOR RELIEF**</u>
**(COPYRIGHT INFRINGEMENT AGAINST PARTICIPANT)**
**(17 U.S.C. §§ 106, 501)**

13.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-11 above.

14.     Participant infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on its Website. Participant is not, and has never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Photographs.

15.     The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16.     Upon information and belief, the aforementioned acts of infringement by Participant have been willful, intentional, and purposeful, in disregard of and with indifference to Plaintiff's rights.

17. As a result of Defendant's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to recover his damages and Defendant's profits pursuant to 17 U.S.C. § 504(b).

18. Defendant's conduct, described above, is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Participant be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. That Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs;

3. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4. That Plaintiff be awarded pre-judgment interest; and

5. Such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated:  Valley Stream, New York
        June 5, 2017

LIEBOWITZ LAW FIRM, PLLC

By: /s/ Kamanta C. Kettle
     Kamanta C. Kettle

Kamanta C. Kettle
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Telephone:  (516) 233-1660
KK@LiebowitzLawFirm.com

*Attorneys for Plaintiff Alessandro Masi*